## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **MARVIN OWENS** <br> Inmate No: 20232255 <br> MDOC No: 767206 <br><br> Plaintiff, <br><br> -v- <br><br> **GARY SCHEUTTE,** Jackson County Sheriff, in his official capacity, only; <br><br> **ANTHONY STEWART**, Captain Jackson County Sheriff's Office, Jackson County Jail, in both his official and individual capacity, <br><br> **MIKE COBURN**, Lieutenant, Jackson County Sheriff's Office, Jackson County Jail, in both his official and individual capacity, <br><br> **TIGGS CANTEEN SERVICES, INC.**, Michigan For profit corporation, <br><br> Defendants. | Case: 24-cv-10787-GAD-APP <br> Hon. Gershwin A. Drain |

**PLAINTIFF'S BRIEF ON DAMAGES PURSUANT TO ECF 17**

# MOST CONTROLLING AUTHORITY

**CASE LAW**

*Carey v. Piphus*, 435 U.S. 247; 98 S.Ct. 1042 (1978).

*Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1169 (9th Cir. 2011)

*Haight v Thompson*, 763 F3d 554 (CA 6 2014)

*Hayes v. Vessey*, 777 F.2d 1149(6th Cir. 1985)

*Leach v. Shelby County Sheriff,* 891 F.2d 1241(6th Cir. 1989)

*Monell v Department of Social Services of City of New York*, 436 U.S. 658; 98 S.Ct. 2018 (1978)

*N. Ins. Co. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006)

*Opulent Life Church v City of Holly Springs, Miss. 697 F3d 279 (5th Cir. 2012)*

*Sossamon v Texas*, 563 U.S. 277, 293; (2011)

*Tanzin* v. Tanvir, 529, U.S. 43; S.Ct. 486, (2020)

*Tree of Life Christian Sch. v City of Upper Arlington*, 905 F.3d. 357 (C A 6 2018)

*Welch v Spaulding*, 627 Fed.Appx. 497 (W.D. MI. 2015)

*Young ex rel. Estate of Young v. Martin*, 51 Fed. Appx. 509, 514-15 (6th Cir.2002)

**STATUTES**

42 U.S.C §2000c, et. seq.

42 U.S.C. §1983

I. ***RLUIPA ALLOWS FOR DAMAGES AGAINST MUNICIPALITES AND SUBDIVISIONS OF MUNICIPAL GOVERNMENTS***

RLUIPA's provision that authorizes a cause of action states that: "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. §2000cc-2(a). There is no binding precedent in this district that prohibits Adam from obtaining money-damages against Defendants.

    *i.*    <u>*Sossaman v. Texas Speaks Only to the Availability of RLUIPA Damages in the Face of Sovereign Sate Immunity*</u>

The Supreme Court's holding and rationale in *Sossamon v. Texas,* are limited in abrogating the grant of sovereign immunity to the states in the U.S. Constitution. "**States** in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA." *Sossamon v Texas* 563 U.S. 277, 293; (2011). This is unmistakable language that clearly indicates that the Court's analysis is based solely on the concept sovereign immunity and does not, without further guidance extend to an analysis of municipal liability.

Throughout its analysis, the Court distinguishes its opinion from other lines of cases, including those against municipalities where "appropriate relief" provisions have led to an award of monetary damages. The majority

1

in Sossaman squares its opinion with a contrary opinion in other cases allowing money damages as "appropriate relief" by stating:

> "The Court's use of the phrase "appropriate relief" in *Franklin v. Gwinnett County Public Schools*, 503 U. S. 60, and *Barnes v. Gorman*, 536 U. S. 181, does not compel a contrary conclusion [that the terms "appropriate relief" do not clearly create a money-damages action against the state where Congress did not speak with clarity]. In those cases, where there was no express congressional intent to limit remedies available against municipal entities under an implied right of action, the Court presumed that compensatory damages were available. *Franklin,* supra, at 73." *Sossamon,* 563 U.S. at 288.

Furthermore, the Court goes out of its way to reiterate that federal statutes must contain clear and unequivocal language in order for states to waive their sovereign immunity. As a result, the court concludes that RLUIPA's provision for "appropriate relief" "does not include suits for damages against at **State**" *Id*. (emphasis added).

"[P]olitical subdivisions of states, such as counties and municipalities . . . are not shielded by sovereign immunity") *N. Ins. Co. v. Chatham Cnty*., 547 U.S. 189, 193 (2006). The *Sossamon* Court in fact provides clear within its opinion that municipalities do not enjoy sovereign. After discussing *Franklin*, and other cases of municipal liability, the Court provides clarification in footnote 6 that municipalities are nonsovereign stating that "those cases did

2

not involve sovereign defendants, so the Court had no occasion to consider sovereign immunity." Since the Court determined that money damages are not available against the sovereign, and because it acknowledges that municipalities are not sovereign, *Sossaman* does not and cannot be argued to prohibit damages under RLUIPA against a municipality for a violation of its land use provision.

    ii.    <u>Monetary Damages Are Appropriate Relief under RLUIPA</u>

The Sossamon court, as detailed above, clearly differentiated its decision to deny damages against a state based on congress's failure to include an "express waiver provision" in RLUIPA with the need for congress to include an express limitation on damages in a federal statute creating a cause of action against a municipality. *See* generally *Sossamon* 563 at 286-288 It is clear from the Court's discussion that when a grant of authority from congress allows for a private right of action against a municipality, there is a presumption that a monetary award is available unless congress specifically and explicitly limits the type of relief available.

    iii.    <u>Tanzin Provides a Salient Explanation of the Definition of Appropriate Relief</u>

In *Tanzin* the Court quotes Sossaman stating that because appropriate relief "is 'open ended' on its face, what relief is 'appropriate' is 'inherently

3

context dependent." *Tanzin* v. Tanvir, 529, U.S. 43, 141 S.Ct. 486, 490-491 (2020) at (quoting *Sossamon* 563 US at 286). The Court further goes on to explain that sometimes a damages award is not only appropriate relief, it is the "*only* form of relief that can remedy some.. violations." *Id* at 492 (emphasis supplied) The Court then holds that "effective relief consists of damages, not an injunction." (quoting *DeMarco v Davis*, 914 F.3d 383, 390 (5th Cir 2019; *Yang v Sturner*, 728 F. Supp. 845 (DRI 1990)).

Tanzin further reiterates that Congress is aware of how to limit remedies and that a failure to expressly provide a limitation to the types of remedies available for a suit authorized by federal statute creates the implication that indeed damages are appropriate relief. *Id* at 492 (citing statutory language of 29 USC 1132(a)(3) ("appropriate equitable relief") and 42 USC 2000e-5(g)(1) ("equitable relief as the court deems appropriate").

The Supreme Court, through its decision in *Tanzin* has clearly stated that appropriate relief, when not addressing a sovereign state, includes, and often times mandates the award of monetary damages. *Tanzin* clearly tracks with other Supreme Court precedent which allows for monetary damages for violation of a federal statute under an "appropriate relief" provision against a municipality. It is incongruous to extend a decision based on a state's

4

sovereign immunity to municipalities in light of *Tanzin* as well as other clearly established body of law as outlined throughout this brief.[1]

### iv. <u>Haight v Thompson Like Sossamon Does Not Preclude Damages Against a Municipality for Violations of RLUIPA</u>

The prevailing case in the Sixth Circuit regarding the availability of damages under RLUIPA is *Haight v Thompson*, 763 F3d 554 (CA 6 2014). Like *Sossaman*, *Haight* is a case involving the institutionalized persons act provision of RLUIPA and like *Sossaman* the *Haight* case involves an analysis of what damages are available against a **State**. See generally *Haight*, 763 F3d at 560-561.

The *Haight* Court expressly relies on the Sossamon sovereign immunity analysis in its determination that appropriate relief does not encompass money damages against a state. *Id* at 568-569. A thorough reading of Haight clearly shows that just like Sossaman the matter turns on the statutory relief provision of RLUIPA encompasses an express waiver of sovereign immunity provision due to congress's acting under its authority authorized by its spending power. *Id* at 568.

---

[1] Plaintiff contends that the recent Supreme Court in *Tanzin v. Tanvir*, 141 S. Ct. at 493, modified its ruling in *Sossaman v. Texas, 563 U.S. 277 (2011),* which allows damage claims pursuant to RLUIPA.

5

At no point does the *Haight* Court address any issue related to an interpretation of the remedies provision of RLUIPA outside the context of a state and indeed limits its decision to the nature of the relationship between two sovereigns.

v. <u>The Sixth Circuit has Hinted That Haight Doesn't Govern Municipal Liability Under RLUIPA</u>

*Tree of Life Christian Sch. V City of Upper Arlington*[2] case, during the appeal the Defendant municipality alleged that the case was moot because there was an injunction and Tree of Life had abandoned its claim for money damages. *Id* at 365. In its holding on that issue alone the Court held that "Tree of Life has not abandoned its money-damages claim; nor did the district court's permanent injunction moot it." *Id* at 365. It is clear from the Court's holding that the district court's permanent injunction did not moot Tree of Life's claim for money-damages, that the Sixth Circuit felt that damages were available as a result of a claim under RLUIPA's Equal Terms provision. Certainly, the Court would have been aware of its ruling in *Haight* at the time that it decided *Tree of Life* and by not invoking its decision in Haight to state that there is no claim of money damages and therefore the claim was mooted by a district court injunction, the Court signaled that its interpretation of the

---

[2] *Tree of Life Christian Sch. v City of Upper Arlington,* 905 F.3d. 357 (C A 6 2018).

6

applicability of the remedies provision to municipalities was not covered or abrogated by its prior decision.

> v. *There is Persuasive Authority that Municipal Violations of RLUIPA Permit Money Damages*

There is ample proof outlined above that the Supreme Court has interpreted "appropriate relief" to include money-damages in cases involving municipalities brought under various federal statutes unless Congress has explicitly limited the remedies provision. Following this line of precedent several circuits have distinguished Sossamon's sovereign immunity analysis from RLUIPA land use violations.

One such case is *Opulent Life Church v City of Holly Springs*, Miss. 697 F3d 279 (5th Cir. 2012). The 5th Circuit unequivocally held that "Money damages are available under RLUIPA against political subdivisions of states, such as municipalities and counties." *Id* at 290 (citing *Centro Familiar Christiano Buenas Nuevas v. City of Yuma* 651 F3d 253 260-261 (3dc 2007); see also *Mt. Healthy City Sch. Dist. D of Ed v Doyle* 429 US 274 280-281, (1977) (recognizing that political subdivisions of states do not enjoy Eleventh Amendment immunity). They utilized the rationale in Sossamon, discussing *Franklin* as cited above in holding, "Under Supreme Court precedent, money damages are available against municipal entities unless "Congress has

7

given clear direction that it intends to exclude a damages remedy" from a cognizable cause of Action" *Id* (citing *Sossaman* at 131 S. Ct at 1660 (citing *Franklin v Gwinnett cnty pub schl* 503 US 60, 70-71 (1992). Based on the distinctions made in Sossaman as identified through Franklin the 5th Circuit found that "RLUIPA contains no indication, much less clear direction, that it intends to exclude a money damages remedy. Thus, municipalities and counties may be held liable for money damages under RLUIPA but states may not." *Id*.

The Ninth and Third Circuits have also allowed for damages against a municipality in RLUIPA land use violations like those at issue in this case based on similar reasoning utilizing Sossamon's own language to distinguish between sovereign immunity enjoyed by States and municipalities who are afforded no such protection. See generally, *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1169 (9th Cir. 2011) ("The City of Yuma, therefore, may be liable for monetary damages under RLUIPA."); Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 260-61, 273 (3rd Cir. 2007).

**II. PLAINTIFF IS ENTITLED TO DAMAGES UNDER COUNTS II THROUGH IV UNDER 42 U.S.C. §1983 FOR THE DEFENDANT'S VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS WHILE ACTING UNDER THE COLOR OF STATE LAW**

It is well settled law that government, and governmental entities, who engage in the violation of plaintiff's constitutional rights under the color of state law are liable for damages including compensatory, punitive and nominal damages. See generally: *Carey v. Piphus*, 435 U.S. 247; 98 S.Ct. 1042 (1978).

As it pertains to the Defendants' in this case, under an application of prevailing case law regarding Constitutional violations in a law enforcement setting, damages are awardable when a law enforcement agency engages in or tacitly permits a policy, practice or custom that is violative of a Constitutional Right held by Plaintiff. See Generally *Monell v Department of Social Services of City of New York*, 436 U.S. 658; 98 S.Ct. 2018 (1978). Under the Monell standard, a policy or custom can be inferred, even when there is an absence of a written policy, or even when a written policies are violated by government actors when there is no action taken for the violation. *Id* at 691 (holding Congress included customs and usages [in §1983] because of the persistent and widespread discriminatory practices of state officials. Although not authorized by state law, such practices.. could be so permanent and well settled as to constitute a 'custom or usage' with the force of law." (quoting *Adickes v S.H. Kress & Co.*, 398 U.S. 144, 167-168, 90 S. Ct. 4598, 1613 (1970).

9

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge h[er] supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights." See e.g., *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989); *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). The Sixth Circuit "has held a state official [is] liable for implementing or overseeing an unconstitutional policy, even without specific knowledge that the policy will cause harm to a particular plaintiff." *Young ex rel. Estate of Young v. Martin*, 51 Fed. Appx. 509, 514-15 (6th Cir.2002).

Additionally, there have been several cases in the Federal Sixth Circuit that have litigated this specific issue related to a Muslim incarceree's rights to sufficient and appropriate accommodations for the Islamic holy month of Ramadan. Those cases involved timing, sufficiency, and appropriateness of the accommodations by law enforcement institutions. **See generally** *Welch v Spaulding*, 627 Fed.Appx. 497 (W.D. MI. 2015).

## CONCLUSION

It is clear that Plaintiff has an avenue for damages for the violation of his First, Fourth, Fourteenth and Eight Amendment Rights at the hands of

Defendants through both the Religious Land Use and Institutionalized Persons Act as well as under 42 U.S.C. §1982. As such, this matter should proceed forward through the full litigation process including discovery and trial in order to enforce and ensure that Plaintiff's legal and constitutional rights are preserved.