IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARVIN OWENS**,<br>    Inmate No. 20232255,<br>    MDOC No. 767206,<br><br>        Plaintiff,<br>v.<br><br>**GARY SCHUETTE**, Jackson County Sheriff, in his official capacity, only;<br>**ANTHONY STEWART,** Captain Jackson County Sheriff's Office, Jackson County Jail, in both his individual and official capacity**,**<br>**MIKE COBURN,** Lieutenant, Jackson County Sheriff's Office, Jackson County Jail, in both his individual and official capacity**,**<br>~~TIGGS CANTEEN SERVICES, INC.~~, ~~Michigan For profit corporation~~,<br><br>        Defendants. | Case No. 2:24-cv-10787-GAD-APP<br><br>Honorable Judge Gershwin A. Drain<br>Magistrate Judge Anthony P. Patti |

_____

| | |
|---|---|
| Amy V. Doukoure (P80461)<br>CAIR-MI LEGAL FUND<br>*Attorney for Plaintiff*<br>1905 S. Haggerty Road, Suite 5<br>Canton, MI 48188<br>(248) 559-2247<br>adoukoure@cair.com | Andrew J. Brege (P71474)<br>Thomas D. Beindit (P81133)<br>ROSATI SCHULTZ, JOPPICH, AMTSBUECHLER, P.C.<br>*Attorneys for Defendants Sheriff Schuette, Captain Stewart, Lieutenant Coburn, only*<br>822 Centennial Way, Ste. 270<br>Lansing, MI 48917<br>(517) 886-3800<br>abrege@rsjalaw.com<br>tbeindit@rsjalaw.com |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF IN SUPPORT OF DAMAGES PURSUANT TO ECF NO. 17

# Table of Contents

Table of Contents ................................................................................................. i

Index of Authorities ............................................................................................ ii

    I.     Introduction ............................................................................................. 1

    II.    The RLUIPA does not authorize monetary damages against counties or county officials. ............................................................... 1

    III.   Any monetary damages allowed under RLUIPA are subject to PLRA's requirements. ............................................................................ 9

    IV.   Plaintiff is not entitled to damages under 42 U.S.C. § 1983 because the Ramadan Meal Diet was constitutional and lawful. ..................................................................................................... 10

    V.    Conclusion ............................................................................................. 12

# Index of Authorities

**Cases**

***Al-Kadi v. Ramsey Cnty.***, No. CV 16-2642, 2019 WL 2448648 (D. Minn. June 12, 2019) ................................................................. 11

***Catlett v. Washington***, No. 20-13283, 2021 WL 3680196 (E.D. Mich. Aug. 19, 2021), *reconsideration denied*, 2021 WL 4593945 (E.D. Mich. Oct. 6, 2021) ........................................... 6, 7

***Chaaban v. City of Detroit***, No. 20-cv-12709, 2021 WL 4060986 (E.D. Mich. Sept. 7, 2021) ................................................... 4, 6, 7

***City of Boerne v. Flores***, 521 U.S. 507 (1997) ......................................................... 5

***Eidam v. County of Berrien***, No. 1:19-cv-978, 2019, 2019 WL 7343354 (W.D. Mich., Dec. 31, 2019) ........................................... 4, 5

***Fox v. Washington***, 549 F.3d 270 (6th Cir. 2020) ..................................... 11

***Green v. Tudor***, 685 F. Supp. 2d 678 (W.D. Mich. 2010) ......................... 10, 11, 12

***Hague v. Kent County, et al.***, Case No. 1:24-cv-00009-HYJ-PJG, W.D. Mich. .......................................................................................... 7

***Haight v. Thompson***, 763 F.3d 554 (6th Cir. 2014) ............................ 3, 4, 5, 6, 7, 8

***Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.***, 582 F. Supp. 3d 511 (E.D. Mich. 2022) ................................................... 8

***Holland v. Goord***, 758 F.3d 215 (2d Cir. 2014) ........................................ 2

***Holt v. Hobbs***, 574 U.S. 352 (2015) ................................................... 12

***J.H. v. Bratton***, 248 F. Supp. 3d 401 (E.D. N.Y. 2017) .......................... 11

***Living Water Church of God v. Charter Twp. of Meridian***, 258 Fed. App'x 729 (6th Cir. 2007) ................................................... 11

***Mease v. Washington***, No. 2:20-cv-176, 2021 WL 1921071 (W.D. Mich., May 13, 2021) ................................................... 2, 6, 10

*Moore v. Washington*, Case No. 2019-cv-13616, 2021 WL 1151528
  (E.D. Mich., Dec. 29, 2021) ............................................................................... 7

*Root v. Jones*, No. 1:22-CV-240, 2022 WL 1681720 (W.D. Mich.
  May 26, 2022) ............................................................................................... 3, 4

*Ruplinger v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:19-CV-
  583-DJH-RSE, 2021 WL 682075 (W.D. Ky. Feb. 22, 2021) ............................ 6

*Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007) ....................................................... 2

*Sossamon v. Lone Star State of Texas*, 560 F.3d 316 (5th Cir. 2009),
  *aff'd*, 563 U.S. 277 (2011) ............................................................................ 3, 4

*Sossamon v. Texas*, 560 U.S. 923 (2010) ................................................................ 3

*Sossamon v. Texas*, 563 U.S. 277 (2011) ................................................. 1, 2, 5, 10

*Spearman v. Williams*, No. 1:17-cv-1070, 2023 WL 6829785 (W.D.
  Mich., Oct. 17, 2023) ........................................................................................ 4

*Tanzin v. Tanvir*, 592 U.S. 43 (2020) ............................................................. 5, 6, 7

*Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d
  357 (6th Cir. 2018) ........................................................................................ 7, 8

**<u>Federal Statutes</u>**

42 U.S.C. § 1983 ............................................................................................ 1, 10, 12

42 U.S.C. § 1997e ...................................................................................................... 9

42 U.S.C. § 1997e(a) ............................................................................................... 10

42 U.S.C. § 1997e(e) ................................................................................................. 9

42 U.S.C. § 2000cc ................................................................................................ 7, 8

42 U.S.C. § 2000cc–1 ................................................................................................ 8

42 U.S.C. § 2000cc–1(a) ..................................................................................... 1, 12

42 U.S.C. § 2000cc–1(b) ........................................................................................... 1

42 U.S.C. § 2000cc–2 ...................................................................................................2

42 U.S.C. § 2000cc–2(e) ...............................................................................................9

42 U.S.C. § 2000cc–5(4)(A) .........................................................................................1

**Other Authorities**

PLRA – 42 U.S.C. § 1997e ......................................................................................9, 10

RFRA – 42 U.S.C. § 2000bb .....................................................................................5, 6

RLUIPA – 42 U.S.C. § 2000cc .................................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

I.  **Introduction**

Based on the materials submitted in this case, Plaintiff's claims seeking monetary damages are appropriately dismissed because (1) the RLUIPA's protection of religious exercise of institutionalized persons does not authorize monetary damages against counties or county prison officials and (2) Plaintiff is not entitled to damages under 42 U.S.C. § 1983 because the Ramadan Meal Diet was constitutional and lawful. As addressed below and more thoroughly set forth in Defendants' primary Motions and briefs (ECF Nos. 14 and 19), monetary damages are not an available remedy in this matter under RLUIPA or 42 U.S.C. § 1983 and a review of the actual evidence applied to relevant law leads to one conclusion: summary judgment for Defendants on all claims is appropriate.

II.  **The RLUIPA does not authorize monetary damages against counties or county officials.**

The RLUIPA prohibits the "government" from imposing a "substantial burden on the religious exercise of a person residing in or confined to an institution," but only to the extent that the "substantial burden is imposed in a program or activity that receives Federal financial assistance. 42 U.S.C. § 2000cc–1(a)-(b). For purposes of this provision, "government" includes, *inter alia*, States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law. 42 U.S.C. § 2000cc–5(4)(A); ***Sossamon v. Texas***, 563 U.S. 277, 282 (2011).

1

A person may assert a "violation" of the RLUIPA in any "judicial proceeding and obtain ***appropriate relief*** . . . ." 42 U.S.C. § 2000cc–2 (emphasis added). Some courts have interpreted the term "appropriate relief" as including "monetary relief" while others have interpreted the term to mean only "injunctive" or "declaratory" relief. *Compare* **Smith v. Allen**, 502 F.3d 1255, 1270 (11th Cir. 2007) (overruled on other grounds) (holding that "the use of the phrase 'appropriate relief' in section 3 of the RLUIPA … is broad enough to encompass the right to monetary damages in the event a plaintiff establishes a violation of the statute") *with* **Sossamon**, 563 U.S. at 277 (finding that the term "appropriate relief" is too ambiguous to impose liability for money damages). Other courts have interpreted the term "appropriate relief" as including "monetary" relief, but not as to persons sued in their individual capacity, as they do not receive federal funds. **Smith**, 502 F.3d at 1271; *see also* **Mease v. Washington**, No. 2:20-cv-176, 2021 WL 1921071, at *15 (W.D. Mich., May 13, 2021) (noting that most courts "have concluded that statutes based on the Spending Clause, such as the RLUIPA, should not generally be interpreted to impose liability on individuals who do not themselves receive federal funds"). [1]

---

[1] This is especially true as to Plaintiff's individual capacity claims against Defendants Captain Stewart and Lieutenant Coburn, as the Jackson County Sheriff's Office does not receive any federal funds. Thus, even if Plaintiff could establish a violation of the RLUIPA, the Court would need to dismiss the claim(s) on the grounds that Plaintiff is not entitled to any of the relief (declaratory, injunctive, or monetary) that he has requested. **Holland v. Goord**, 758 F.3d 215, 224 (2d Cir. 2014)

RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd*, 563 U.S. 277 (2011). The United States Supreme Court granted certiorari only on the question of "[w]hether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Root v. Jones*, No. 1:22-CV-240, 2022 WL 1681720, at *6 (W.D. Mich. May 26, 2022) (quoting *Sossamon*, 560 F.3d at 331).

In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such damages. *Id.* at 567–69. The Sixth Circuit stopped short of adopting

---

(recognizing that even if plaintiff was "likely to prevail on the substance of his RLUIPA claim" summary judgment was appropriate on the grounds that Plaintiff's claim for "money damages" was "barred" and plaintiff's claim for "injunctive relief", like here, was "moot").

3

the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels.

The Sixth Circuit has construed the term "appropriate remedy" as allowing for injunctive and declaratory relief but not monetary relief. *Id.* at 568. This is true not only when the claim is being asserted against the governmental entity but also when the claim is being asserted against a governmental official in his/her official capacity or individual capacity. *Spearman v. Williams*, No. 1:17-cv-1070, 2023 WL 6829785, at *3 (W.D. Mich., Oct. 17, 2023) ("RLUIPA does not permit damages claims against prison officials in their official capacities"); *Root*, 2022 WL 1681720, at *6 ("RLUIPA does not permit damages claims against prison officials in their official capacities"); *Chaaban v. City of Detroit*, No. 20-cv-12709, 2021 WL 4060986, at *5 (E.D. Mich. Sept. 7, 2021) (dismissing Plaintiff's RLUIPA claim for "money damages against [defendants] in their individual capacities"); *Eidam v. County of Berrien*, No. 1:19-cv-978, 2019, 2019 WL 7343354, at *8 (W.D. Mich., Dec. 31, 2019) (explaining that "a money-damages claim cannot be sustained against counties or municipalities").

In this case, Plaintiff is seeking monetary relief (among other things), but such relief is not permitted against county jail officials under the RLUIPA. Plaintiff's brief largely discusses how some courts have analyzed the issue of monetary relief

4

in terms of "sovereign immunity," while others have analyzed the issue in terms of whether Congress clearly intended the term "appropriate relief" to include "monetary relief." (Plt's Brf., at 1-8, ECF No. 18, PageID.287-294). However, it makes no difference that Plaintiff is asserting claims here against municipal actors as opposed to the "state" because Sixth Circuit has concluded that monetary damages are unavailable under either theory. **Haight**, *supra* at 569. The Sixth Circuit interpreted **Sossamon** to preclude money-damages claims against state officials in their individual capacities. *Id.* at 568 ("**Sossamon** considered lawsuits against prison officials in their official capacity, not a claim against the prison officials in their individual capacity"). Thus, this "analysis extends to county and municipal governments and to their officials." **Eidam**, 2019 WL 7343354, at *8.

Plaintiff contends that the U.S. Supreme Court decision in **Tanzin v. Tanvir**, 592 U.S. 43 (2020), modified its prior decision in **Sossamon** to allow damage claims pursuant to RLUIPA. (ECF No. 18, PageID.291, n. 1). However, the Supreme Court's holding in **Tanzin** involved federal (not municipal) officials being sued in the context of the Religious Freedom Restoration Act ("RFRA"), as opposed to the RLUIPA[2], and money damages are "the *only* form of relief that can remedy some

---

[2] The U.S. Supreme Court held the RFRA to be unconstitutional as applied to state and local governments. ***City of Boerne v. Flores***, 521 U.S. 507, 536 (1997). Unlike the RFRA, which required religious accommodation in virtually all spheres of life, RLUIPA only applies to prisoner and land use cases.

5

RFRA violations." *Tanzin*, *supra* at 51 (original emphasis). Due to the substantial contextual difference between the RLUIPA and RFRA, most district courts[3] post-*Tanzin* have held that *Haight* remains controlling authority. *Mease*, 2021 WL 1921071, at *16 ("[T]he basis of the *Haight* court's decision—the need for clarity in statutes promulgated under the Spending and Commerce Clauses—did not apply in *Tanzin*. As a consequence, *Tanzin* did not abrogate *Haight*, which remains controlling authority in this circuit."); *Catlett v. Washington*, No. 20-13283, 2021 WL 3680196, at *5 (E.D. Mich. Aug. 19, 2021), *reconsideration denied*, 2021 WL 4593945 (E.D. Mich. Oct. 6, 2021) ("*Tanzin* does not expressly overrule *Haight*, nor does it mention the RLUIPA."); *Chaaban*, 2021 WL 4060986, at *5 ("[W]ithout further guidance from the Sixth Circuit, the Court finds *Haight* to be controlling and DISMISSES Plaintiff's RLUIPA claim for money damages against [defendants] in their individual capacities.").

Moreover, opposing counsel is well-familiar with these holdings, as she has argued to the contrary herself on several occasions in similar cases. *See, e.g. Catlett*,

---

[3] *But see* ***Ruplinger v. Louisville/Jefferson Cty. Metro Gov't***, No. 3:19-CV-583-DJH-RSE, 2021 WL 682075, at *4 (W.D. Ky. Feb. 22, 2021) (finding found that ***Tanzin*** abrogated the Sixth Circuit's holding in ***Haight*** that RLUIPA also does not authorize money damages claims against officials in their individual capacities.) However, the Eastern District of Michigan has twice declined to follow this Court's reasoning in ***Ruplinger*** and adopted the holding in ***Mease*** instead. ***Chaaban***, 2021 WL 4060986, at *5; ***Catlett***, *infra* at *6.

2021 WL 3680196, at *5 ("The parties dispute the effect of . . . *Tanzin* [ ] on the availability of damages for individual capacity claims under the RLUIPA."); *Chaaban*, 2021 WL 4060986, at *5 (dismissing claim for monetary relief); *Moore v. Washington*, Case No. 2019-cv-13616, 2021 WL 1151528, at *2 (E.D. Mich., Dec. 29, 2021) (dismissing claim for monetary relief). Opposing counsel has repeatedly argued that *Haight* is no longer controlling after the Supreme Court's decision in *Tanzin*[4], but these arguments have been consistently rejected. *Catlett*, 2021 WL 3680196, at *5 ("*Tanzin* does not expressly overrule *Haight*, nor does it mention the RLUIPA."); *Chaaban*, 2021 WL 4060986, at *5 (recognizing that "*Tanzin*" did not abrogate *Haight* and that *Haight* remains controlling authority in this circuit"); *Moore*, 2021 WL 1151528, at *2 (denying motion for reconsideration with respect to whether "*Tanzin* abrogates *Haight*").

Next, Plaintiff cites *Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d 357 (6th Cir. 2018) to suggest that the Sixth Circuit has "hinted" that *Haight* doesn't govern municipal liability under RLUIPA. (Plt's Brf., at 6-7, ECF No. 18, PageID.292-293). However, this proposition is unproductive because *Tree of Life* analyzed damages allowed against a municipality within the provisions of RLUIPA's *land use* violations, 42 U.S.C. § 2000cc [emphasis added], which is

---

[4] *See also* **Hague v. Kent County, et al.***,* Case No. 1:24-cv-00009-HYJ-PJG, W.D. Mich.

7

clearly not at issue here. Plaintiff summarily assumes the *Tree of Life* Court did not invoke its decision in *Haight* and thus "signaled that its interpretation of the applicability of the remedies provision to municipalities was not covered or abrogated by its prior decision," but *Haight* is readily distinguishable.[5]

Finally, Plaintiff cites several cases as "persuasive authority" in which courts have reached different conclusions (Plt's Brf., at 6-8, ECF No. 18, PageID.292-294), but those cases are from outside this jurisdiction and are thus not binding in this Circuit. *Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 515 (E.D. Mich. 2022) ("a district court is not bound by decisions of . . . other circuits"). Moreover, all three cases cited by Plaintiff (much like *Tree of Life*) analyze damages allowed against a municipality within the provisions of RLUIPA's *land use* violations, 42 U.S.C. § 2000cc [emphasis added], which is clearly not at issue here, let alone sufficiently analogous to constitute any "persuasive authority" applicable to the religious exercise protections afforded to institutionalized persons, like Plaintiff Owens, under 42 U.S.C. § 2000cc–1.

---

[5] Likewise, *Tree of Life* is readily distinguishable from the instant case. The Sixth Circuit remanded the RLUIPA claim seeking money damages to the district court because "Tree of Life has not abandoned its money-damages claim; nor did the district court's permanent injunction moot it." *See Tree of Life*, 905 F.3d at 366. However, the Court here declined to award a preliminary injunction (ECF No. 17, PageID.283) and Defendants do not argue abandonment.

Here, Plaintiff sues Defendants Captain Stewart and Lieutenant Coburn in both their individual and official capacities[6]. (ECF No. 1, PageID.5-7). As noted above, Plaintiff may not maintain a RLUIPA claim against Defendants in their individual capacities, and he may not maintain claims for monetary damages against Defendants in their official capacities. Therefore, Plaintiff's RLUIPA claims should be dismissed.

### III. Any monetary damages allowed under RLUIPA are subject to PLRA's requirements.

Even, assuming *arguendo*, that the Court held the phrase "appropriate relief" for institutionalized person in RLUIPA encompasses monetary as well as injunctive relief, it bears pointing out that a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e; *see generally* 42 U.S.C. § 2000cc–2(e) ("Nothing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act).") For instance, PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, a facial review of the pleadings suggests Plaintiff's claims may be barred based on Plaintiff's failure to exhaust his administrative

---

[6] Sheriff Schuette is sued in his official capacity, only.

remedies, 42 U.S.C. § 1997e(a), as outlined within Defendants' prior briefings. ECF No. 14, PageID.136-139; ECF No. 19, PageID.310-312. Oddly enough, Plaintiff's brief lacks any mention of PLRA, yet provides extraneous discussion of RLUIPA's land use provisions as outlined, *supra*. *See* Pltf.'s Brief, ECF No. 18, PageID.289 ("***Sossamon*** does not and cannot be argued to prohibit damages under RLUIPA against a municipality for a violation of its *land use provision*." [emphasis added]); *Id.*, PageID.293 ("several circuits have distinguished ***Sossamon***'s sovereign immunity analysis from RLUIPA *land use violations*"); *Id.*, PageID.294 ("The Ninth and Third Circuits have also allowed for damages against a municipality in RLUIPA *land use violations* like those at issue in this case").

### IV.  Plaintiff is not entitled to damages under 42 U.S.C. § 1983 because the Ramadan Meal Diet was constitutional and lawful.

When a person enters prison, the right to free exercise of religion will sometimes conflict with the penological objectives of the corrections system. ***Green v. Tudor***, 685 F. Supp. 2d 678, 696 (W.D. Mich. 2010). In those circumstances the court must "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons." ***Mease***, 2021 WL 1921071, at *11 ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably

10

related to legitimate penological interests."); *see also* **Al-Kadi v. Ramsey Cnty**., No. CV 16-2642, 2019 WL 2448648, at *11 (D. Minn. June 12, 2019) (court must "give due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline"); **J.H. v. Bratton**, 248 F. Supp. 3d 401, 409 (E.D. N.Y. 2017) ("when the government seeks to enforce a law that is neutral and of general applicability, . . . it need only demonstrate a rational basis for its enforcement, even if enforcement of the law incidentally burdens religious practices"); **Green**, *supra* at 696 ("prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") (internal citation omitted).

In the prison context, while RLUIPA may provide greater protections than the First Amendment, **Fox v. Washington**, 549 F.3d 270, 277 (6th Cir. 2020), a plaintiff must still establish that the "challenged governmental action substantially burdens the exercise of religion." **Green**, 685 F. Supp. 2d at 703 (emphasis added); *see also* **Living Water Church of God v. Charter Twp. of Meridian**, 258 Fed. App'x 729, 734 (6th Cir. 2007) (recognizing that "'substantial burden' is a difficult threshold to cross"). If the plaintiff establishes a substantial burden the defendant may defeat the claim by establishing a "compelling" state interest that cannot be accomplished by

11

less "restrictive" means. ***Green***, *supra* at 703; *see also* 42 U.S.C. § 2000cc–1(a). As outlined in Defendants' Motion to Dismiss (ECF No. 14, PageID.130), Defendants have *not* imposed any substantial burden on Plaintiff's religious exercise and therefore has not pled a cognizable violation of his First Amendment free exercise rights. ***Holt v. Hobbs***, 574 U.S. 352, 361 (2015). And without a constitutional violation, Plaintiff is likewise not entitled to damages under 42 U.S.C. § 1983.

## V.  Conclusion

For the reasons stated above, Defendants respectfully request this Court **GRANT** their Motion to Dismiss (ECF No. 19) and **DISMISS** Plaintiff's claims against them with prejudice.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

*/s/ Andrew J. Brege*
Andrew J. Brege (P71474)
Thomas D. Beindit (P81133)
*Attorneys for Defendants Sheriff Schuette, Captain Stewart, Lieutenant Coburn, only*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
tbeindit@rsjalaw.com

Dated: May 2, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2024, I electronically filed the foregoing papers with the Clerk of Court, using the ECF system, which will send notification of such filing to the attorneys of record.

                Respectfully submitted,

                ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.

                */s/ Andrew J. Brege*
                Andrew J. Brege (P71474)
                Thomas D. Beindit (P81133)
                *Attorneys for Defendants Sheriff Schuette, Captain Stewart, Lieutenant Coburn, only*
                822 Centennial Way, Suite 270
                Lansing, MI 48917
                (517) 886-3800
                abrege@rsjalaw.com

Dated: May 2, 2024        tbeindit@rsjalaw.com